IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RUSSELL SMITH, #219814 | * | |
|     Plaintiff, | | |
|     v. | * | CIVIL ACTION NO. PJM-09-1061 |
| CAPTAIN KRISTEN TYLER | * | |
| LIEUTENANT CLAYTON | | |
| SERGEANT COLOMA | * | |
| OFFICER STACEY | | |
| KATHLEEN GREEN | * | |
| PAUL KIOLKOWSKI | | |
| JAMIE BALDERSON | * | |
|     Defendants. | | |
| | *** | |

## MEMORANDUM OPINION

Procedural History

    This action originally involved Russell Smith's ("Smith") claim for injunctive relief against four Eastern Correctional Institution ("ECI") officers for alleged incoming legal mail tampering and the denial of access to legal research materials. Smith claims that on separate occasions on March of 2009, he received incoming legal mail that was sealed with masking tape. He claims that the mail had been opened and read outside his presence and that when he complained about its handling and asked that a "matter of record" be written on the matter, he was placed on administrative segregation in an isolation cell. Smith alleges that he remained in an isolation cell for sixteen hours, was deprived of all personal property and hygiene products, including toilet paper, and was subject to "sleep deprivation" because of continuous exposure to cell lighting which was not extinguished. He further asserts that while housed on administrative segregation he was denied access to legal research materials. Smith asserts that these actions prejudiced his ability to proceed with his state and federal court litigation.

On May 19, 2009, the Office of the Attorney General was ordered to file a show cause response to Smith's allegations.  Paper No. 2.  The response has been filed, but only after Smith penned what are in essence two motions to file supplemental complaints which added additional party Defendants, expounded on the original mail tampering, isolation confinement, and access-to-courts claims, and seemingly raised additional claims regarding the administrative remedy process against the original Defendants.[1]  Paper Nos. 4 & 5.

The show cause response filed by Defendants provided a substantive answer to Smith's claims and relied on affidavit and documents associated with Smith's inmate mail, administrative remedy and adjustment history.  Paper No. 6.  It was treated as a motion for summary judgment as to Smith's injunctive relief request.   Smith was placed on notice of the re-characterization and was informed that he was entitled to file an opposition response with materials in support thereof.  Paper Nos. 8 & 9.   Smith filed his Opposition responses.  Paper Nos. 7 & 11.   Review of Smith's emergency relief request is in order.

Temporary Restraining Order

    1.    Facts

According to Defendants, Smith filed an administrative remedy procedure ("ARP") grievance complaining that his legal mail had been tampered with and opened outside his presence. The ARPs were investigated and dismissed due to lack of evidence. Paper No. 6, Ex. A at Miller Decl. On March 20, 2009, after learning that Smith was complaining that his legal mail had been

---

[1] These pleadings, characterized as Motions to Supplement, added Kathleen Green, Paul Ziolkowski, and Jamie Balderson as Defendants for their alleged involvement in placing Smith on the isolation ward and failing to respond to his administrative remedies.  The Motions seemingly placed Smith's

opened, Lt. Clayton reported to the classification area where Officer Stacey was issuing the legal mail. Clayton inspected the letter in Smith's presence and found that it was sealed with two pieces of clear tape. Clayton asked Stacey if she had opened the mail and she indicated that she had not. Smith accepted the mail. On March 20, 2009, Clayton encountered Smith, who opined that because there was tape on the legal mail it had to have been opened outside of his presence. Removing the tape, the envelope glue seal was found in be intact. Clayton acknowledges that he inspected the contents of the envelope and it was all returned to Smith, who agreed to accept the mail. It was noted that the mail room occasionally receives legal mail with scotch tape on the back of the envelopes where the flap seals together.

Defendants state that Smith was placed on administrative segregation on March 24, 2009, pending an investigation into an informant's claim that Smith had received contraband in the mail. After interviewing the informant and Smith and searching Smith's cell, the investigator determined that the accusation was false. It was recommended that Smith be released from administrative segregation on April 2, 2009, and he was returned to the general population on April 9, 2009. Defendants state that while confined on administrative segregation Smith received the treatment and privileges consistent with prison directives. This would include property allowed by the prison "matrix," including hygiene items and legal materials.

In his Opposition responses, Smith claims that Defendants do not address his claim of being placed on the administrative segregation observation area ("ASOA") for sixteen hours and have therefore defaulted on their right to defend the claim. Paper Nos. 7 & 11. He further asserts that

---

remedies and remedy appeals into the record.

Defendants have not submitted any verified investigative reports as to the alleged informant's "contraband" claim, which resulted in his placement on administrative segregation. *Id.* Smith states that he is in the midst of litigation in the state court "to obtain his freedom" and also has a lawsuit in this Court. He claims that Defendants' actions in opening his legal mail outside his presence, in reading his legal mail, and in placing him in isolation, denied him access to the courts.

    2. Analysis

As observed by the Court of Appeals for the Fourth Circuit in *The Real Truth About Obama, Inc. v. Federal Election Com'n,* 575 F.3d 342 (4th Cir. 2009), the Supreme Court has articulated clearly what must be shown to obtain a preliminary injunction, stating that the moving party must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* --- U.S. ----, ----, 129 S.Ct. 365, 374, (2008). All four requirements must be satisfied. *Id.* Indeed, the Court in *Winter* rejected a standard that allowed the [movant] to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may ... be awarded [only] upon a clear showing that the [movant] is entitled to such relief." *Id.* at 375-76; *The Real Truth About Obama,* 575 F.3d at 346. The previous Fourth Circuit balance-of-hardship test set out in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1997), is no longer to be applied when granting or denying preliminary injunctions.

"A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion

of the district court...." *The Real Truth About Obama*, 575 F.3d at 345. Smith has failed to satisfy all four of the *Winter* requirements. The briefing filed thus far shows that Smith was housed on administrative segregation from March 24 to April 9, 2009, at which time he was placed back in general population. At the time his Motion was filed and initially reviewed by this Court, the recommendation for his reassignment to population housing had already been entered. Moreover, Smith makes no claim that Defendants continue to tamper with his incoming legal mail so as to prejudice his ability to litigate his cases.[2] There is no showing that Smith is likely to suffer irreparable harm if injunctive relief is not granted. His Motion for Temporary Restraining Order shall be denied.

Amended Complaint for Damages

Smith subsequently filed an Amended Complaint seeking compensatory, consequential, punitive, and nominal damages  Paper No. 10. He has, for all intents and purposes, reiterated his original claims and re-filed earlier exhibits going to the ECI incoming legal mail handling process, his placement in an isolation cell on the psychiatric ward for sixteen hours and subsequent assignment to administrative segregation based on "deceitful" and "falsified" documents regarding contraband (controlled dangerous substances), and the prejudice to his ability to litigate state and federal court cases  due to his lack of access to legal materials and legal research. Paper No. 10, Exs. 1-8.

---

[2] In seeking an emergency hearing on summary judgment, Smith claims that he "continues to suffer ongoing maleficence [sic] from the hubristic acts of usurpation by title of nobility/honor of defendants, longevity of this action allows defendants to continue to inflict injury upon plaintiff, with dictum of sovereignty in avoidance of (due process) of law." Paper No. 18 at 2. Not only does this statement make no sense, but even when afforded a generous construction it fails to show that Smith is currently subject to irreparable harm if injunctive relief is denied.

Smith has also filed "supplemental disclosure" motions to amend and supplement his Complaint. Paper Nos. 12, 15, 17, & 19. These supplemental documents include Smith's Declaration, internal prison memorandum, Inmate Grievance Office briefing, and other miscellaneous documents related to or in support of Amended Complaint allegations. The Motions shall be granted. The Clerk shall modify the docket to add the names of Scott S. Oakley, Lenora C. Adegbesan, Michael J. Stouffer, and Michael Miller as party Defendants. Smith is reminded, however, that he will not be permitted to supplement his Complaint in perpetuity. Defendants shall answer the Amended Complaint for damages and the supplemental pleadings and exhibits. A separate Order follows reflecting the decisions entered in this opinion.[3]

February 18, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[3] Also pending before the Court is Smith's Motion for an Emergency Hearing on Summary Judgment. Paper No. 18. For reasons addressed in this opinion, the Motion shall be denied.